UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

JERRELL MARSHALL                              CIVIL ACTION NO. 18-0782

                                              SECTION P

VS.

                                              JUDGE TERRY A. DOUGHTY

DEPT. OF CORRECTIONS                          MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Pro se Petitioner Jerrell Marshall, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant Petition for writ of habeas corpus under 28 U.S.C. § 2241 on June 7, 2018, claiming that he is incarcerated beyond his release date.[1]  For the following reasons, it is recommended that the Petition be **DISMISSED WITHOUT PREJUDICE**.

### Background

Plaintiff alleges that the Louisiana Department of Public Safety and Corrections ("the Department") is confining him beyond his December 25, 2017 release date.  He claims that he was initially arrested and confined on December 26, 2014, and that, on May 1, 2017, the 21st Judicial District Court, Tangipahoa Parish, sentenced him to three years of incarceration with credit for time served.  He seeks immediate release.

### Law and Analysis

A petitioner seeking federal habeas corpus relief must first exhaust all available state remedies.  See *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983).  If the record, or the face of the federal habeas corpus petition, reveals that the petitioner

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

has not complied with the exhaustion requirement, courts are expressly authorized to dismiss the petition.  See *Resendez v. McKaskle*, 722 F.2d 227, 231 (5th Cir. 1984); *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997).

To challenge the computation of a sentence in Louisiana, an inmate must first exhaust administrative remedies through the Department's two-step administrative grievance process. LA. REV. STAT. 15:1176; LA. ADMIN. CODE tit. 22, Pt. I, § 325.[2]  Then, if the inmate is unsuccessful, he or she may seek judicial review only before the 19th Judicial District Court, East Baton Rouge Parish.  See LA. REV. STAT. 15:1177(A); LA. REV. STAT. 15:571.15.[3]

Next, if the inmate is unsuccessful at the district court level, the inmate may appeal the decision of the 19th Judicial District Court to the "appropriate court of appeal."  LA. REV. STAT. 15:1177(A)(10); see LA. REV. STAT. 13:312(1).  Finally, if the inmate's appeal is unsuccessful, the inmate may seek supervisory review before the Supreme Court of Louisiana.  See LA. CODE CIV. PROC. art. 2201.

Here, Petitioner alleges that he initiated the second step of the administrative review process by appealing to the Department.  [doc. # 5, p. 2].  He does not, however, state whether he

---

[2] LA. ADMIN. CODE tit. 22, Pt. I, § 325(D)(2) provides in part: "Corrections Services has established the administrative remedy procedure through which an offender may seek formal review of a complaint which relates to any aspect of his incarceration if less formal methods have not resolved the matter. Such complaints and grievances include . . . time computations . . . ."

[3] LA. REV. STAT. 15:1177(A) provides in part, "Any offender who is aggrieved by an adverse decision . . . by the Department of Public Safety and Corrections . . . may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court . . . ."  LA. REV. STAT. 15:571.15 provides in part, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge."

initiated the first step of the process by writing a letter to the warden.  See LA. ADMIN. CODE tit. 22, Pt. I, § 325(G)(1)(a).

Petitioner also attaches his "application for writ of habeas corpus," in which he sought review before the 21st Judicial District Court on April 18, 2018.  [doc. #s 5, p. 3; 1-2].  On April 23, 2018, the 21st Judicial District Court denied the petition, noting that Petitioner must pursue relief before the 19th Judicial District Court because he raised "issues of time calculation."  [doc. # 1-2, p. 5].  Petitioner alleges in the instant Petition that he "raised issues to lower courts," including "East Baton Rouge," but he does not attach any pleadings or court orders to prove the allegation.  [doc. # 5, p. 3].

Petitioner alleges, ambiguously, that he appealed to the First Circuit Court of Appeal. *Id.* at 5.  Next to that allegation, he writes "Supreme Court."  *Id.*  It is unclear whether Petitioner is alleging that he sought review before the Supreme Court of Louisiana.[4]  Nevertheless, Petitioner claims that his appeals/applications before one or both courts are "still pending."  *Id.* at 6.  Thus, even assuming that Petitioner completed both steps of the administrative remedy procedure and that he then sought review before the 19th Judicial District Court, Petitioner has not exhausted all state court remedies.[5]

_____

[4] With the exception of the state court order Petitioner attaches to the instant Petition, the Court was unable to locate any Louisiana court decisions involving Petitioner.

[5] See 28 U.S.C.A. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); see also *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."); *Bell v. Cain*, 2015 WL 4528924, at *4 (E.D. La. July 27, 2015) (finding a claim unexhausted because it was still pending before the Louisiana Supreme Court).

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the instant action be
**DISMISSED WITHOUT PREJUDICE**.

 **IT IS FURTHER RECOMMENDED** that Petitioner's Motion to Appoint Counsel,
[doc. # 6], be **DENIED AS MOOT**.

 Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by
this recommendation have fourteen (14) days from service of this Report and Recommendation
to file specific, written objections with the Clerk of Court. A party may respond to another
party's objections within fourteen (14) days after being served with a copy of any objections or
response to the district judge at the time of filing.

 **Failure to file written objections to the proposed factual findings and/or the
proposed legal conclusions reflected in this Report and Recommendation within fourteen
(14) days following the date of its service, or within the time frame authorized by FED. R.
CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the
legal conclusions accepted by the District Court, except upon grounds of plain error.  *See
Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

 In Chambers, Monroe, Louisiana, this 6th day of August, 2018.


KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE